**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| ALISON HANNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  1:10-2737-MBS |
| vs. ) | |
| ) | |
| BROCK & SCOTT, PLLC and ) | |
| CHANNEL GROUP, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, ALISON HANNA, by and through her attorney, JAMES M. ERVIN, and for her Complaint against the Defendants, BROCK & SCOTT, PLLC and CHANNEL GROUP, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Salley, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant, BROCK & SCOTT, PLLC ("Brock & Scott"), is a professional limited liability company of the State of North Carolina, which is licensed to do business in South Carolina and which has its principal place of business in Winston-Salem, North Carolina.

7. On information and belief, Defendant, CHANNEL GROUP, LLC ("Channel Group"), is a limited liability company of the State of North Carolina, which is not licensed to do business in South Carolina and which has its principal place of business in Winston-Salem, North Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about January 11, 2010, Plaintiff received a Summons and Complaint from the Aiken County Court of Common Pleas in regard to collection of an alleged debt owed to Channel Group. Said lawsuit was filed by Brock & Scott, who were acting in their capacity as the attorneys and authorized agents of Channel Group.

9. On or about January 11, 2010, Plaintiff contacted Brock & Scott by telephone in an attempt to resolve the lawsuit and to provide proof that the alleged debt had already been paid and was fully satisfied.

10. During said telephone conversation, Brock & Scott's representative and/or employee, who identified herself as Brittany Anderson, stated to Plaintiff that she had to pay the alleged debt before the deputy sheriff came to Plaintiff's home to take whatever property could be found to satisfy the alleged debt. At that time, no judgment had been entered against Plaintiff.

11. On or about January 26, 2010, Plaintiff mailed a letter to Defendants disputing the aforementioned alleged debt, requesting proof that the debt was still owed and providing proof of full payment of the debt. A copy of said letter is attached hereto as Exhibit 1.

12. Verification of the alleged debt was never provided to Plaintiff, yet Defendants continued to pursue the aforementioned lawsuit in the Aiken County Court of Common Pleas.

13. Further, Channel Group reported the alleged debt to the credit reporting agencies, but failed to note that Plaintiff disputed the debt.

14. All of the actions of Brock & Scott as described above were undertaken as the attorneys and authorized agents of Channel Group.

15. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Representing or implying that nonpayment of the alleged debt would result in the seizure, attachment and/or sale of Plaintiff's property, where such action was unlawful and/or Defendants did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

3

    d.    Communicating credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed, in violation of 15 U.S.C. § 1692e(8);

    e.    Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b); and

    f.    By acting in an otherwise deceptive, unfair and unsconscionable manner and failing to comply with the FDCPA.

16.    As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALISON HANNA, respectfully prays for a judgment against Defendants as follows:

    a.    Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

5

          Respectfully Submitted,

          /s/ James M. Ervin
          James M. Ervin
          Attorney for Plaintiff
          PO Box 6276
          Columbia, SC 29260-6276
          (888) 493-0770, ext. 308 (phone)
          (866) 551-7791 (facsimile)
          James@LuxenburgLevin.com